IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LARS ST. JOHN, | Case No. 1:21-cv-02198-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| ADRIENNE PAGE, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

On April 10, 2023, Plaintiff Lars St. John filed the instant Motion for Leave of Court to Amend Complaint. (Doc. No. 35.) On April 21, 2023, Defendants Adrienne Page, Cornell Grimes, and Tyshawn Harris ("Defendants") filed an Opposition to St. John's Motion, to which St. John replied on May 4, 2023. (Doc. Nos. 37, 38.) St. John also appended a proposed second amended complaint to his Reply. (*See* Doc. No. 38-2.) For the following reasons, St. John's Motion for Leave is DENIED.

I.  **Background**

   A.  **Procedural History**

St. John filed his initial complaint on November 18, 2021. (Doc. No. 1.) On April 20, 2022, St. John moved to amend his initial complaint because he inadvertently misidentified an unrelated third-party in paragraph 3. (Doc. No. 11.) The Court granted St. John's first Motion to Amend, ordering that St. John's initial complaint would now be construed as set forth in St. John's April 20, 2022 Motion. (*See* ECF Order 4/28/2022.)

On May 9, 2022, Defendants moved to dismiss St. John's First Amended Complaint in its entirety. (Doc. No. 14.) On August 30, 2022, the Court granted Defendants' motion in part and denied it in part. (Doc. No. 18.) Only St. John's Claims 3 through 6, which pertain to an alleged forced entry into, and search of, his apartment, against Page, Grimes, and Harris survived. (*Id.* at PageID# 223.)

On January 23, 2023, the Court conducted a Case Management Conference. (Doc. No. 31.) Following the CMC, the Court issued a Case Management Conference Order ("CMC Order") setting forth the following relevant case management dates:

- Deadline to exchange pre-discovery disclosures, pursuant to Fed. R. Civ. P. 26(a)(1): February 6, 2023
- Deadline to amend the pleadings and/or join new parties without leave of Court: February 13, 2023
- Deadline for fact discovery: August 1, 2023
- Deadline for dispositive motions: September 1, 2023

(Doc. No. 32.)

On April 10, 2023, St. John filed the instant Motion for Leave of Court to Amend Complaint. (Doc. No. 35.) On April 21, 2023, Defendants filed an Opposition to St. John's Motion. (Doc. No. 37.) On May 4, 2023, St. John filed a Reply in Support of his Motion, along with a proposed Second Amended Complaint. (Doc. Nos. 38, 38-2.)

**B.     Factual Allegations**

In his First Amended Complaint, St. John alleges that, on November 22, 2019, CMHA site manager Page sent an individual to "trespass" in St. John's apartment but that he was unable to do so. (Doc. No. 1, ¶ 55.) St. John alleges that, five days later, on November 27, 2019, Page, Defendant CMHA police officers Grimes and Harris, and "three unidentified Black males" entered St. John's apartment without his permission. (*Id.* at ¶ 56.) St. John alleges that Grimes and/or Harris held him

2

at gunpoint while these individuals searched St. John's apartment, flipped over his furniture, and cut the lock chain off St. John's door. (*Id.*) St. John alleges that they left him "traumatized[,] begging for help." (*Id.*)

In St. John's proposed Second Amended Complaint, he seeks to add Keith Allen and David Williams, two CMHA maintenance workers, as defendants. (Doc. No. 35; *see also* Doc. No. 38-2.) St. John alleges that Page sent Keith Allen to "trespass" into St. John's apartment on November 22, 2019. (Doc. No. 38-2, ¶ 55.) He further alleges that Page, Grimes, Harris, Allen, David Williams, and another "unidentified Black male" came to his apartment on November 27, 2019. (Doc. No. 38-2, ¶ 56.) St. John alleges that Grimes and/or Harris held him at gunpoint while the six individuals (Page, Grimes, Harris, Allen, Williams, and/or the other unidentified individual) searched St. John's apartment without permission, flipped over his furniture, cut the lock chain off St. John's door, and left St. John "traumatized[,] begging for help." (*Id.*)

**II.     Standard of Review**

Seeking leave to amend a complaint after a scheduling order's deadline has passed implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings and provides that a court can modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(3)(A) & (4). Interpreting the interplay between these two Rules, the Sixth Circuit has held that, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must first meet Rule 16's good-cause standard in order for the district court to amend the scheduling

3

order. *See Leary*, 349 F.3d at 909; *Armatas v. Haws*, 2021 WL 5356028 at * 3 (6th Cir. 2021); *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 Fed. Appx. 364, 367 (6th Cir. 2016). *See also Satterwhite v. Ashtabula County Metroparks*, 514 F.Supp.3d 1014, 1021 (N.D. Ohio 2021) ("When the scheduling order deadline to amend without leave has passed, a plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16(b) for failing to abide by the scheduling order deadline before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a).")

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). *See also Leary*, 349 F.3d at 907. Possible prejudice to the party opposing modification is another relevant consideration in the good cause analysis. *Inge*, 281 F.3d at 625. *See also Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC.*, 661 Fed. Appx. at 368; *Satterwhite,* 514 F.Supp.3d at 1021-1022. "Notably, the moving party must meet a 'higher threshold' in showing good cause under Rule 16 than it would under Rule 15." *Armatas,* 2021 WL 5356028 at * 3 (citing *Shane v. Bunzl Distrib. USA, Inc.*, 275 Fed. Appx 535, 536 (6th Cir. 2008)).

If good cause is shown under Rule 16, the court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. As noted above, under Rule 15(a)(2), a district court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *Oleson v. United States*, 27 Fed. Appx 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of

4

claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

**III.   Analysis**

As noted above, St. John seeks leave to name two additional CMHA employees, David Williams and Keith Allen, as defendants in this matter. (Doc. No. 35.) His proposed Second Amended Complaint contains two substantive revisions but is otherwise the same as his First Amended Complaint. (*Compare* Doc. No. 38-2 *to* Doc. No. 1.)

The Court must first evaluate whether St. John has established good cause under Rule 16 for failing to amend his complaint prior to the Court's February 13, 2023 deadline. In his Motion, St. John argues only that he learned Allen's and Williams's names during discovery, with the parties' briefing clarifying that it was through the defendant's initial disclosures exchanged on February 6, 2023.[1] (Doc. No. 35.) St. John does not explain why there was a roughly two-month delay between when he received Defendants' initial disclosures and when he filed the instant Motion. (*Id.*) Defendants fail to address the Rule 16 standard or assert any argument associated therewith in their Opposition. (Doc. No. 37.) In his Reply, St. John does not explain why he delayed approximately

---

[1] St. John contends he learned Allen's and Williams's names "during [d]iscovery . . . ." (Doc. No. 35.) Defendants contend that St. John "falsely claims" Williams's and Allen's identities were revealed during discovery, but that Defendants actually disclosed their identities as part of Defendants' pre-discovery Rule 26 disclosures. (Doc. No. 37, PageID# 308.) St. John replies that he referred to Defendants' pretrial disclosures as "discovery," but contends that pretrial disclosures are often referred to as "discovery." (Doc. No. 38, PageID# 313.) Here, St. John learned Allen's and Williams's names via Defendants' pre-discovery disclosures, not through the discovery process itself—although the Court also notes that it conducted the CMC on January 23, 2023, and so the discovery process was already underway by the time the parties exchanged their "pre-discovery" disclosures pursuant to Rule 26. (*See* Doc. No. 32.)

two months after learning Allen's and Williams's names to seek leave to amend his Complaint. (*See* Doc. No. 38.)

The Court concludes St. John does not demonstrate good cause for failing to abide by the CMC Order's February 13, 2023 deadline to amend without leave. Defendants identified Allen and Williams in their February 6, 2023 initial disclosures. (Doc. No. 37, PageID# 307.) Under the CMC Order, St. John had one week to amend his complaint without seeking leave. However, St. John did not diligently amend his complaint at that time. Instead, St. John waited approximately two months to attempt to amend his complaint. Further, St. John offers no explanation whatsoever as to *why* he waited approximately two months before seeking leave to amend his complaint. Without any such explanation or justification, all the Court has before it is this: St. John learned Allen's and Williams's identities one week before the deadline to amend but St. John waited approximately two months before attempting to amend the Complaint. Accordingly, Court concludes that St. John failed to establish good cause for his delay between learning of Allen's and Williams's identities and seeking leave to amend his complaint. Because St. John failed to demonstrate good cause, the Court may not modify its scheduling order. *See Leary*, 349 F.3d at 909. St. John's Motion for Leave to Amend is denied.

A final note. The Court puts St. John on notice to stop maligning, and casting aspersions upon, the parties and their counsel. In his Motion, St. John describes Allen and Williams as "gang members." (Doc. No. 35.) The Court recognizes that St. John feels aggrieved, based on the alleged occurrences set forth in the Complaint. However, there are absolutely no allegations whatsoever that Allen and Williams, two CMHA maintenance workers, are involved in a criminal gang. Such hyperbole is inappropriate, unhelpful, and confusing. St. John also unfairly characterizes Defendants'

6

Opposition brief as "riddled with propaganda, hyperbole, absurdities and lies." (Doc. No. 38, PageID# 311.) He writes that Defendants' counsel should not be permitted to continue "spewing . . . lies," and that "lies have consequences." (*Id.*) Nothing in Defendants' Opposition appeared untruthful or absurd. Further, the Court warns St. John in no uncertain terms that it will not tolerate statements like "lies have consequences," which may be construed as threatening Defendants and/or opposing counsel. The Court will not hesitate to impose sanctions, including striking filings and/or other appropriate sanctions, should St. John continue to conduct himself in this manner.

IV.     **Conclusion**

For the reasons set forth above, St. John's Motion for Leave to File Amended Complaint is DENIED.

**IT IS SO ORDERED.**

Date: June 8, 2023

        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE