## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LARS ST. JOHN,** | **Case No. 1:21-cv-02198-PAB** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **ADRIENNE PAGE, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

On August 30, 2023, Plaintiff Lars St. John filed the instant Motion for Leave of Court to Amend Complaint. (Doc. No. 59.) He appended a proposed second amended complaint to his Motion. (Doc. No. 59-1.) For the following reasons, St. John's Motion for Leave is DENIED.

## I.    Background

### A.    Procedural History

St. John filed his initial complaint on November 18, 2021. (Doc. No. 1.) On April 20, 2022, St. John moved to amend his initial complaint because he inadvertently misidentified an unrelated third-party in paragraph 3. (Doc. No. 11.) The Court granted St. John's first Motion to Amend, ordering that St. John's initial complaint would now be construed as set forth in St. John's April 20, 2022 Motion. (*See* ECF Order 4/28/2022.)

On May 9, 2022, Defendants moved to dismiss St. John's First Amended Complaint in its entirety. (Doc. No. 14.) On August 30, 2022, the Court granted Defendants' motion in part and denied it in part. (Doc. No. 18.) Only St. John's Claims 3 through 6, which pertain to an alleged

forced entry into, and search of, his apartment, against Page, Grimes, and Harris survived.  (*Id.* at PageID# 223.)

On January 23, 2023, the Court conducted a Case Management Conference.  (Doc. No. 31.)  Following the CMC, the Court issued a Case Management Conference Order ("CMC Order") setting forth the following relevant case management dates:

- Deadline to exchange pre-discovery disclosures, pursuant to Fed. R. Civ. P. 26(a)(1): February 6, 2023
- Deadline to amend the pleadings and/or join new parties without leave of Court: February 13, 2023
- Deadline for fact discovery: August 1, 2023
- Deadline for dispositive motions: September 1, 2023

(Doc. No. 32.)

On April 10, 2023, St. John moved for leave of court to amend his complaint to name two additional defendants to his lawsuit.  (Doc. No. 35.)  On June 8, 2023, the Court denied St. John's motion for leave to amend his complaint.  (Doc. No. 44.)  Therein, the Court concluded that St. John did not demonstrate good cause under Rule 16 for failing to abide by the CMC Order's February 13, 2023 deadline to amend his Complaint without leave.  (*Id.* at PageID# 355.)

On August 30, 2023, St. John filed the instant Motion for Leave of Court to Amend Complaint.  (Doc. No. 59.)  St. John now seeks to assert an additional claim, that of false imprisonment.  (*Id.*)

### B.    Factual Allegations

In his First Amended Complaint, St. John alleges that, on November 22, 2019, CMHA site manager Page sent an individual to "trespass" in St. John's apartment but that he was unable to do so.  (Doc. No. 1, ¶ 55.)  St. John alleges that, five days later, on November 27, 2019, Page, Defendant CMHA police officers Grimes and Harris, and "three unidentified Black males" entered St. John's

apartment without his permission.  (*Id.* at ¶ 56.)  St. John alleges that Grimes and/or Harris held him at gunpoint while these individuals searched St. John's apartment, flipped over his furniture, and cut the lock chain off St. John's door.  (*Id.*)  St. John alleges that they left him "traumatized[,] begging for help."  (*Id.*)

In St. John's newest proposed Second Amended Complaint, he seeks to assert an additional claim: false imprisonment.  (Doc. No. 59, PageID# 473; *see also* Doc. No. 59-1, PageID# 493.)  St. John's factual basis for his false imprisonment claim is the same factual basis for his other claims, namely that on November 27, 2019, "as stated in Plaintiff's original pleading," he "was threatened, held at gunpoint by the defendants, ordered to move out of the doorway, [and] ordered to sit on his couch." (Doc. No. 59, PageID# 473.)  St. John maintains that he was forced to watch as two CMHA employees cut off his door lock and flipped over his furniture, and then left him "traumatized."  (*Id.*)

## II.    Standard of Review

Seeking leave to amend a complaint after a scheduling order's deadline has passed implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16.  *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings and provides that a court can modify its scheduling order "only for good cause."  Fed. R. Civ. P. 16(b)(3)(A) & (4).  Interpreting the interplay between these two Rules, the Sixth Circuit has held that, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must first meet Rule 16's good-cause standard in order for the district court to amend the scheduling order.  *See Leary*, 349 F.3d at 909; *Armatas v. Haws*, 2021 WL 5356028 at * 3 (6th Cir. 2021);

*Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 Fed. Appx. 364, 367 (6th Cir. 2016).  *See also Satterwhite v. Ashtabula County Metroparks*, 514 F.Supp.3d 1014, 1021 (N.D. Ohio 2021) ("When the scheduling order deadline to amend without leave has passed, a plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16(b) for failing to abide by the scheduling order deadline before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a).")

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp*., 249 F.3d 807, 809 (8th Cir. 2001)).  *See also Leary*, 349 F.3d at 907.  Possible prejudice to the party opposing modification is another relevant consideration in the good cause analysis.  *Inge*, 281 F.3d at 625.  *See also Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC*., 661 Fed. Appx. at 368; *Satterwhite,* 514 F.Supp.3d at 1021-1022.  "Notably, the moving party must meet a 'higher threshold' in showing good cause under Rule 16 than it would under Rule 15."  *Armatas,* 2021 WL 5356028 at * 3 (citing *Shane v. Bunzl Distrib. USA, Inc*., 275 Fed. Appx 535, 536 (6th Cir. 2008)).

If good cause is shown under Rule 16, the court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15.  As noted above, under Rule 15(a)(2), a district court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *Oleson v. United States*, 27 Fed. Appx 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").  "Nevertheless, leave to amend 'should be denied if the amendment is

4

brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## III.    Analysis

As noted above, St. John seeks to assert a new false imprisonment claim against Defendants. (Doc. No. 59.) His proposed Second Amended Complaint now lists "false imprisonment" among his "police misconduct" claims but is otherwise largely the same as his First Amended Complaint.[1] (*Compare* Doc. No. 59-1 *to* Doc. No. 1.)

The Court must first evaluate whether St. John has established good cause under Rule 16 for failing to amend his complaint prior to the Court's February 13, 2023 deadline.  St. John does not address Rule 16 in his Motion.  Indeed, he admits at the outset of his Motion that his "false imprisonment" claim is based on the same facts set forth in his "original pleading."  (Doc. No. 59, PageID# 473.)  St. John does not attempt to explain why, nearly two years after filing his initial Complaint, and on the eve of the dispositive motion deadline, he only now attempts to assert this new false imprisonment claim based on facts known to him at the time he filed his initial complaint.

The Court concludes St. John does not demonstrate good cause for failing to abide by the CMC Order's February 13, 2023 deadline to amend without leave.  The alleged factual basis for St. John's false imprisonment claim was well-known to St. John at the time his filed his original

---

[1] The Court notes that St. John has also attempted to revise his allegations in paragraph 55 as to the identities of the CMHA employee(s) present at his apartment on November 27, 2019.  (*Compare* Doc. No. 59-1, ¶ 55 *to* Doc. No. 1, ¶ 55.)  In his newest proposed Amended Complaint, St. John makes several allegations about the activities of CMHA employees David Williams and Keith Allen.  (Doc. No. 59-1, ¶ 55.)  St. John's First Amended Complaint, the operative pleading in this matter, does not contain such allegations.  (Doc. No. 1, ¶ 55.)  Additionally, the Court previously denied St. John's attempt to add Williams and Allen as defendants in this case.  (Doc. No. 44.)  St. John's instant Motion does not seek leave to add allegations about Williams' and Allen's conduct.  This is an impermissible attempt to circumvent the Court's previous June 8, 2023 Order denying St. John leave to amend his Complaint as to Williams and Allen.

complaint.  (Doc. No. 59, PageID# 473.)  St. John does not attempt to explain why he did not seek to amend his Complaint to include this claim any time between when he initially filed the case on November 18, 2021, and February 13, 2023.  St. John had *more than a year* to amend his complaint without seeking leave.  However, he did not diligently amend his complaint at any point during that time.  Instead, St. John waited nearly two years after filing his initial complaint, nearly a month after the close of discovery, and just two days before the dispositive motion deadline to attempt to assert this claim.  St. John offers no explanation whatsoever for this conduct.  Accordingly, Court concludes that St. John has failed to establish good cause for his delay in seeking to amend his complaint to include a "false imprisonment" claim.  Because St. John has failed to demonstrate good cause, the Court will not modify its scheduling order.  *See Leary*, 349 F.3d at 909.  St. John's Motion for Leave to Amend is denied.

IV.     **Conclusion**

For the reasons set forth above, St. John's Motion for Leave to File Amended Complaint is DENIED.

**IT IS SO ORDERED.**


                                                    *s/Pamela A. Barker*
                                                    PAMELA A. BARKER
Date: August 31, 2023                               U. S. DISTRICT JUDGE

6